# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1923V
Filed: November 17, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * <br> MARJORIE PUTNAM, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner
*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON ENTITLEMENT[1]

**Shah**, Special Master:

### I.     Procedural History

On September 28, 2021, Marjorie Putnam ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). The petition alleges that Petitioner developed

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Guillain-Barré syndrome ("GBS") caused by the influenza ("flu") vaccine she received on or around October 1, 2018. *Id*.

Two years after the petition was filed, the Chief Special Master issued an order to show cause because Petitioner had not filed any supporting documentation. ECF No. 18. On August 11, 2023, Petitioner filed an affidavit and medical records, and on September 15, 2023, she filed a response to the order to show cause. Exs. 1-35; ECF No. 22. Petitioner filed an amended petition on April 22, 2024, alleging a Table claim of GBS following the flu vaccine she received on October 1, 2018. ECF No. 29 ("Am. Pet.") at 1. Alternatively, Petitioner alleged that the flu vaccine was the cause-in-fact of her injury. *Id*.

On July 29, 2024, Respondent filed a Rule 4(c) Report ("Report") recommending that entitlement be denied. Report at 2, 21 (ECF No. 33). This case was reassigned to me on August 14, 2024. ECF No. 34.

Petitioner filed a status report on December 23, 2024, stating that she did not plan to submit any expert evidence and requesting a briefing schedule for a ruling on the record. ECF No. 39.

On January 15, 2025, I held a status conference via telephone with the parties. *See* ECF No. 40. During the conference, Petitioner's counsel stated that he had consulted an expert, who reviewed the case and was ultimately unwilling to submit a report in support of the claim. *Id*. at 1. Petitioner's counsel asked Petitioner if she would be willing to dismiss this case, but she was unwilling to do so. *Id*. I informed the parties that, based on the record as it stood, I did not believe Petitioner would prevail on either a Table flu/GBS claim or a causation-in-fact claim. *Id*. In particular, the records indicated that Petitioner was never formally diagnosed with GBS; instead, her physicians suspected chronic inflammatory demyelinating polyneuropathy ("CIDP"), lumbar radiculopathy, surgical complications, and/or other conditions. *See* Ex. 16 at 7; Ex. 14 at 6; Ex. 11 at 28; Ex. 19 at 17. Furthermore, the possibility of CIDP and/or GBS was not raised until long after the vaccination, casting further doubt on issues such as onset, nadir of weakness, and monophasic course. *See* 42 C.F.R. § 100.3(a), (c)(15). I encouraged further consideration of voluntary dismissal of the case. ECF No. 40 at 1.

Following the status conference, I set deadlines for both parties to file briefing for a motion for a ruling on the record. ECF No. 40. On January 21, 2024, Petitioner filed a motion to suspend the briefing schedule on the ground that she had received treatment from a new neurologist and wanted to ascertain whether the results of that treatment would provide additional evidence in support of her claim. ECF No. 43. Petitioner obtained the new medical records and retained a neurologist to review her case. ECF No. 44-48. On September 17, 2025, Petitioner indicated that she was "preparing a motion regarding the resolution of this case." ECF No. 49. On November 14, 2025, Petitioner moved for a decision dismissing her petition under Vaccine Rule 21(b). ECF No. 51.

## II.  Analysis

Under the Vaccine Act, a petitioner may prevail in one of two ways. First, she may show that she suffered a Table injury within the time provided in the Table. § 11(c)(1)(C)(i). "In such

a case, causation is presumed." *Capizzano v. Sec'y of Health & Hum. Servs.*, 440 F.3d 1317, 1320 (Fed. Cir. 2006); *see* § 13(a)(1)(B).  Second, where the alleged injury is not listed in the Table, she may demonstrate that she suffered an "off-Table" injury that was caused-in-fact by the vaccination.  § 11(c)(1)(C)(ii).

Petitioner cannot establish entitlement to compensation based solely on her assertions; rather, a vaccine claim must be supported either by "medical records or by medical opinion."  § 13(a)(1).  The special master is required to consider "all [] relevant medical and scientific evidence contained in the record," including "any diagnosis, conclusion, medical judgment, or autopsy or coroner's report which is contained in the record regarding the nature, causation, and aggravation of the petitioner's illness, disability, injury, condition, or death," as well as the "results of any diagnostic or evaluative test which are contained in the record and the summaries and conclusions."  §13(b)(1)(A).  The special master is then required to weigh the evidence presented, including contemporaneous medical records and testimony.  *See Burns v. Sec'y of Health & Hum. Servs.*, 3 F. 3d 415, 417 (Fed. Cir. 1993) (it is within the special master's discretion to determine whether to afford greater weight to contemporaneous medical records than to other evidence, such as oral testimony surrounding the events in question that was given at a later date, provided that such determination is based on a rational analysis).

Under Vaccine Rule 21(b), the special master or the court may dismiss a petition at the petitioner's request on terms that the special master or the court considers a proper issuance of a decision pursuant to § 300aa-12(d)(3).  Vaccine Rule 21(b)(1).  A dismissal under Vaccine Rule 21(b) will be with prejudice and result in judgment pursuant to Vaccine Rule 11 for purposes of § 300aa-21(a).  Vaccine Rule 21(b)(2).

Here, Petitioner moved for dismissal under Vaccine Rule 21(b).  ECF No. 51.  Petitioner noted that she "understands that a decision will issue pursuant to 42 U.S.C. § 300aa-12(d)(3) dismissing this case on terms that the special master or the court considers proper" and that "this Motion will result in a final judgment dismissing [P]etitioner's case pursuant to Vaccine Rule 11."  *Id*.  Moreover, there is insufficient evidence in the record for Petitioner to meet her burden of proof, as she has failed to support her claim with the requisite medical or expert evidence.

Accordingly, Petitioner's Motion for a Dismissal Decision is hereby **GRANTED**, and the petition is dismissed with prejudice for insufficient proof.  The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.